IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **Plaintiff** <br> Stephen Manley, | § § § § § § § § § § § | |
| v. | | Civil Action No. _____ |
| Defendant (s) | | |

Invesco Investment Services
Invesco Group Services, Inc.
Invesco Management Group

Matrix Resources, Inc.

National ProSource, Inc.

## PLAINTIFF'S ORIGINAL COMPLAINT

### A. Parties

1. Plaintiff, Stephen Manley, is an Individual that is *a citizen* of the United States a resident of the State Of Texas.

Defendant, INVESCO also known as Invesco Management Group, Inc, INVESCO Group Services and /or Invesco Investment Services, is a corporation that is incorporated under the laws of the State of Texas and or Georgia and or Bermuda. Defendant has its principal place of business in the State of Texas and/or Georiga. Defendant may be served with process by serving its registered agent, C T Corporation System, at 1209 North orange Street WILMINGTON Deleware 19801 and Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

Defendant, MATRIX RESOURCES INC, is a corporation that is incorporated under the laws of the State of Georgia . Defendant has its principal place of business in the State of Texas and/or Georiga. Defendant may be served with process by serving its registered agent, C T Corporation System , at 1209 North orange Street WILMINGTON Deleware 19801 and Corporation System, at 350 N. St. Paul Street, Suite 2900, Dallas, TX 75201-4234.

Defendant, NATIONAL PROSOURCE, is a corporation that is incorporated under the laws of the State of Texas. Defendant has its principal place of business in the State of Texas. Defendant may be served with process by serving its registered agent, Patricia L Davis, at 9494 Southwest Fwy., Suite 300Houston, TX 77074-1400 USA.

### B. Jurisdiction

3. The court has jurisdiction over the lawsuit because the suit arises under Title VII of the Act, codified as Subchapter VI of Chapter 21 of 42 U.S.C. § 2000e and the Civil Right Act of 1991 in addition to 42 U.S.C. § 1981. On or about August 23, 2010 Plaintiff was interviewed and tested by Technical Prosource; who acted in conjunction with Invesco as an agent and employee and/or representative of Invesco; Who then and there utilized an employment practice that cause a disparate impact upon plaintiff by utilizing plaintiff's criminal information as the sole basis to deny plaintiff an employment opportunity . Likewise, on August 16,2010 plaintiff was interviewed by Matrix Resources who were acting in conjunction with Invesco collectively defendant(s)then and there utilized an employment practice which ultimately denied plaintiff an employment opportunity solely because of the information obtained in applicants criminal back ground.

### C. Venue

4. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because the alleged unlawful employment practice was committed in this district. Venue is proper in this district under 42 U.S.C. §2000e-5(f)(3) because plaintiff would have worked in this district but for the unlawful employment practice. Employer(s) has a employment practice that disparately impacts applicants due to their use of criminal backgrounds checks or related criminal information by using such information in an adverse manner as it relates to applicants as well as using an applicant's conviction as their sole basis to not employ such applicants.

### D. Exhaustion of Administrative Remedies

5. Plaintiff timely filed a charge of discrimination against defendant with the Equal Employment Opportunity Commission (EEOC). Plaintiff files this complaint within 90 days after receiving a notice of the right to sue from the EEOC. A copy of the notice of the right to sue is attached as Exhibit 1. *{See 42 U.S.C. §2000e-5(f)(1); cf. Fed. Express Corp. v. Holowecki, ___ U.S. ___, 128 S. Ct. 1147, 1158-59 (2008) (ADEA).}*

### E. Discrimination Under Title VII

6. Plaintiff is an employee within the meaning of Title VII and belongs to a class protected under the statute, namely Race, Color, And Sex. *{See 42 U.S.C. §2000e(f).}*

7. Defendant is an employer within the meaning of Title VII. *{See 42 U.S.C. §2000e(b).}*

8. Defendant(s) used the following discriminatory employment practices in violation of Title VII: August 16,2010 Plaintiff was interviewed by Stephanie Cox (of Matrix Resources )

who conducted a criminal background check on plaintiff Stephen Manley; the plaintiff was told that the agency adhered to the standards of the FCRA § 605 [15 U.S.C. §1681c]. Furthermore, defendant Matrix was hiring and/or screening for INVESCO, afterward Defendant(s) conducted their background check shortly thereafter Plaintiff was no longer consider for the position. Likewise on August 23,2010 Technical Prosource who also was acting in conjunction with INVESCO called upon Plaintiff to be interviewed and tested for the same or similar database developer position ;shortly afterwards plaintiff's criminal record was retrieved by Katie Jones of Technical Prosource via the internet from backgroundchecks.com. The retrieval of the records and the employment practices of defendant(s) were utilized in an adverse manner to deny petitioner an employment opportunity. Defendant(s) has a pattern and a blanket policy to deny employment opportunity to individuals with criminal records which disparately impacts and adversely affects the minority applicant pools who are protected classes under the law. Equally, the retrieved criminal information antedated seven years which also violated plaintiff's rights under the FCRA § 605 [15 U.S.C. §1681c] and was used as the sole determinant in denying plaintiff an employment opportunity. Although these practices appear to be neutral, they serve to discriminate against a disproportionate number of persons of plaintiff's race, color,sex,and gender. Defendant(s) could have used an alternative practice that would have been just. For instance if Defendant(s) would have adhered to the standards of FCRA and Title VII laws that seek to protect individuals belonging to such classes; who apply for jobs at defendant(s) establishment such discrimination would be alleviated or drastically minimized. Then individuals belonging to such classes would be given a fair chance, or equal chance for gainful employment. Moreover, defendants could move to a more individualized employment screening process and practice that takes into account the person age at the time of the crime, their education or lack thereof at the time of the crime and how it correlates to the person present state as it relates the totality of the individual. Defendants also could have considered the time that has lapses since the offences. Defendants could have considered how the offences specifically relate to the plaintiff ability to perform the task and then how the task relates to the offences. It is my contention that the fore-stated measures would have given an alternative to defendant(s) current blanket discriminatory policy and employment practices which disparately impact minorities groups. {See 42 U.S.C. §2000e-2(k).}

### F. Damages

9. As a direct and proximate result of defendant's conduct, plaintiff suffered the following injuries and damages.

    a.     Plaintiff was denied an opportunity which economically damage plaintiff.

    b.     Plaintiff suffered mental anguish and emotional distress in the form of depression and feeling of hopelessness as well as helplessness.

    c.     Plaintiff lossed an opportunity to make a living and take care of his young family due to Defendant's willful and wanton conduct.

    d.     Plaintiff has been inconvenience by defendant discrimination

    e.    Plaintiff also suffered non-pecuniary losses

## G. Attorney Fees

10. Plaintiff is entitled to an award of attorney fees and costs under Title VII, 42 U.S.C. §2000e-5(k); in addition to the Civil Right Act Of 1991 and other applicable statue.

## H. Prayer

11. For these reasons, plaintiff asks for judgment against defendant for the following:

    a.    Plaintiff seek relief in the form of affirmative action, *back pay and or front pay. See 42 U.S.C. §2000e-5(g)*. Plaintiff also seeks 300,000 dollars in compensatory damages and punitive damages and non-pecuniary losses of a 1,000,000 due to defendant's wanton and willful disregard for the rights of plaintiff.

    b.    Plaintiff further prays for reasonable attorney fees and expert witness fees.

    c.    Costs of suit.

    d.    All other relief the court deems appropriate.

Stephen Manley
2901 Fulton Apt 347
Houston, TX 77009
PH: 832-343-4484

EEOC Form 161 (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Stephen Manley<br>2901 Fulton #347<br>Houston, TX 77009 | From: | Houston District Office<br>1919 Smith St, 7th Floor<br>Houston, TX 77002 |
|---|---|---|---|

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 460-2010-04094 | Joel Lara,<br>Enforcement Supervisor | (713) 209-3380 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

_____   3/29/11
R.J. Ruff, Jr.,              (Date Mailed)
District Director

| Rick Rarick H R Manager<br>Invesco - Aim<br>11 Greenway Plz Ste 2500<br>Houston TX 77046 | Yvette V. Gatling, Attorney<br>Littler Mendelson PC<br>1301 McKinney St #1900<br>Houston, TX 77010 | TWC Civil Rights Division<br>101 E 15th St Rm 144-T<br>Austin, TX 78778-0001 |
|---|---|---|