IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN MANLEY, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | C. A. NO. 4:11-cv-02408 |
| | § | |
| INVESCO, ET AL., | § | JURY DEMANDED |
| | § | |
| Defendants. | § | |

## DEFENDANT NATIONAL PROSOURCE INC.'S
## MOTION FOR SUMMARY JUDGMENT

Respectfully submitted,

/s/ Cristina Portela Solomon
Cristina Portela Solomon
Federal I.D. No.:  6089
Texas State Bar No.:  16143400
1000 Louisiana, Suite 3400
Houston, Texas  77002-5007
713-276-5500
713-276-5555 (facsimile)

**ATTORNEY-IN-CHARGE FOR
NATIONAL PROSOURCE, INC.**

OF COUNSEL:

**GARDERE WYNNE SEWELL, LLP**
Jessica Glatzer Mason
Federal I.D. No.:  617542
Texas State Bar No.: 24051001
1000 Louisiana, Suite 3400
Houston, Texas  77002-5007
713-276-5500
713-276-5555 (facsimile)

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the foregoing instrument was served on the following counsel of record this 11th day of August, 2011, via electronic filing, certified mail, return receipt requested and/or regular mail:

Stephen Manley, Pro Se
2901 Fulton, Apartment No. 347
Houston, Texas  77009

Yvette V. Gatling
LITTLER MENDELSON
1301 McKinney Street, Suite 1900
Houston, Texas  77010

Carolyn Russell
Martin A. Rodriguez
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
Dallas Street, Suite 3000
Houston, TX  77002

/s/ Jessica Glatzer Mason
Jessica Glatzer Mason

2

# TABLE OF CONTENTS

**Page No.**

Table of Authorities ................................................................................................ ii

I.      Nature of the Case ................................................................................... 1

II.     Summary of the Argument ...................................................................... 2

III.    Statement of Undisputed Facts ............................................................. 3

      A.      Plaintiff lied on his application for employment with ProSource ................ 3

      B.      ProSource maintains uniform standards of conduct applicable to all applicants and employees, without regard to protected classification ........... 5

      C.      Plaintiff violated ProSource's standards of conduct and the application process was terminated for that violation in accordance with ProSource's policy ................................................................................................. 6

IV.     Summary Judgment Standard ................................................................. 7

V.      Argument and Authorities ....................................................................... 8

      A.      Plaintiff's claims of disparate treatment discrimination fail as a matter of of law ........................................................................................... 9

            1.      Plaintiff cannot establish a prima facie case of discrimination .......... 9

            2.      Plaintiff cannot rebut ProSource's legitimate, non-discriminatory reason for the employment decision ................................................. 10

      B.      Plaintiff's claims of disparate impact discrimination fail as a matter of law ........................................................................................... 14

VI.     Request for Relief ................................................................................... 16

## TABLE OF AUTHORITIES

Page No.

**Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ...............7

*Arraleh v. County of Ramsey*, 461 F.3d 967 (8th Cir. 2006), cert. denied,
 550 U.S. 904 (2007) ...............9

*Avant v. South Cent. Bell Tel. Co.*, 716 F.2d 1083 (5th Cir. 1983) ...............8, 11, 13

*Baton Rouge Oil & Chem. Workers Un. v. ExxonMobil Corp.*, 289 F.3d 373
 (5th Cir. 2002) ...............7-8

*Bruton v. Runyon*, 101 F.3d 701, 1996 WL 661627 (5th Cir. Oct. 24, 1996)
 (unpublished) ...............11, 14

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) ...............7, 8

*Dixon v. Pulaski Cnty. Special School Dist.*, 578 F.3d 862 (8th Cir. 2009) ...............10

*EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606 (5th Cir. 2009) .... 3, 8, 10-11, 13

*EEOC v. Con-Way Freight, Inc.*, 622 F.3d 933 (8th Cir. 2010). ...............9

*Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324 (1977) ...............15

*May v. Minyard Food Stores*, 211 F.3d 126, 2000 WL 310142
 (5th Cir. Mar. 10, 2000) ...............2, 10-12, 14

*Stout v. Potter*, 276 F.3d 1118 (9th Cir. 2002) ...............15

*Wallace v. Texas Tech Univ.*, 80 F.3d 1042 (5th Cir. 1996) ...............8

*Watson v. Fort Worth Bank & Trust*, 487 U.S. 977 (1988) ...............15

**Statutes**

FED. R. CIV. P. 56 ...............7

FED. R. CIV. P. 56(a) ...............7

FED. R. CIV. P. 56(e) ...............8

In accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of Texas, National ProSource, Inc. ("ProSource") files this Motion for Summary Judgment and respectfully shows the Court as follows:

## I.
## NATURE OF THE CASE

Plaintiff Stephen Manley ("Plaintiff"), an applicant for employment with ProSource, filed this suit on June 24, 2011, alleging that ProSource discriminated against him based on his race and sex by refusing to hire him.[1]  To the contrary, the undisputed summary judgment evidence will establish that Plaintiff was disqualified from employment with ProSource because he lied on his employment application by failing to disclose his history of repeated criminal convictions.  ProSource's policy, like that of many employers, is that it will not hire applicants who provide false, misleading or incomplete information on their employment application.  These policies and practices are equally applied to all ProSource applicants and employees with no exceptions, and without regard to race, sex, national origin, disability or age, or any other protected classification.  Plaintiff cannot identify a single person outside of his race and sex who was treated differently.  Significantly, in the last twelve months alone, two Caucasian male applicants were disqualified from employment for the exact same reason that Plaintiff was, i.e., failing to disclose criminal convictions on their application for employment with ProSource.

---

[1] Plaintiff is an African-American male.

1

Therefore, Plaintiff simply has no evidence to demonstrate that he was treated differently or targeted in any way because of his race or sex, whether based on a theory of disparate treatment, disparate impact, or both.[2]  As demonstrated below, Plaintiff cannot establish a prima facie case of discrimination, nor can he rebut ProSource's legitimate, non-discriminatory reason for declining to hire Plaintiff.  Therefore, summary judgment in ProSource's favor is appropriate.

## II.
## SUMMARY OF THE ARGUMENT

Under well-settled Fifth Circuit precedent, Plaintiff's claims of discrimination fail as a matter of law.  Plaintiff cannot meet his prima facie burden because he cannot demonstrate that he was qualified for the position he sought, or that the position was filled by a candidate outside of his protected class.  Even if he could make out a prima facie case of discrimination, which he cannot, Plaintiff cannot establish that ProSource's legitimate, non-discriminatory reason for not hiring him—i.e., that Plaintiff lied on his employment application by failing to disclose several criminal convictions—is pretext for discrimination.  To demonstrate pretext, Plaintiff must present evidence that creates a fact issue regarding whether ProSource's articulated reason for refusing to hire him is pretext for its true motivation and further demonstrate that race was a determinative factor in ProSource's decision. *May v. Minyard Food Stores*, 211 F.3d 126, 2000 WL 310142 (5th Cir. Mar. 10, 2000) (unpublished) (holding summary judgment is proper where employee lied about criminal history and could not demonstrate discriminatory animus); *see also*

---

[2] It is not entirely clear from Plaintiff's Complaint if he is alleging disparate treatment, impact, or both.

2

*EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 622 (5th Cir. 2009) (noting falsification of employment documents is a legitimate, non-discriminatory reason for adverse employment action).

Because the summary judgment evidence clearly demonstrates that Plaintiff would not have been hired as a result of the misrepresentations on his application, he cannot establish a discriminatory animus on the part of ProSource. Accordingly, Plaintiff's claims should be dismissed as a matter of law.

### III.
### STATEMENT OF UNDISPUTED FACTS

**A.     Plaintiff lied on his application for employment with ProSource.**

ProSource is an information technology staffing company based in Harris County, Texas. *See Exhibit A, Affidavit of John Davis at* ¶ 2. As a staffing company, ProSource provides its clients with contract, contract-to-hire and direct hire information technology professionals. *Id*. at ¶ 2. Plaintiff applied for employment as a database analyst and/or a business analyst with ProSource on August 20, 2010. *Id*. at ¶ 3. A true and correct copy of Plaintiff's completed electronic application is attached as Attachment 1 to Exh. A.

ProSource requires all applicants to fill out an employment application. Exh. A at ¶ 4. The completed application is reviewed by ProSource to determine if an applicant is suitable for employment by ProSource. *Id*. at ¶ 4. In reviewing an application, ProSource also conducts various background checks, including a criminal background check. *Id.* at ¶ 4. In the event an applicant is found to be a potential fit for an open position with one of ProSource's clients, that applicant's information is then provided to

the client, who also reviews the application to determine the applicant's suitability for its open position or positions. *Id.* at ¶ 4. ProSource's employment application requires an applicant answer the following question:

> **Have you ever been convicted of a crime or agreed to enter a pretrial diversion or similar program in connection with the prosecution of a criminal offense? (If yes please describe)**

*See* Exh. A at Att. 1, p. 1 (emphasis added). The question and space provided for an answer clearly allow an applicant to not only reveal any criminal conviction, but to also provide an explanation of the event, the surrounding and any extenuating circumstances, if any, as well as any remedial measures taken since the conviction. *Id.* In response to this question, Plaintiff answered "No" and provided no further detail in the space provided. *Id.*

The application also contains the following language which an applicant certifies by electronically signing the document:

> **I certify that all information provided by me in connection with my application, whether on this document or not, is true and complete. I also understand that any misrepresentation, falsification or omission of information may be grounds for termination of the interview process, refusal to hire or, if hired, termination of employment.** I authorize ProSource to conduct investigations including, but not limited to work histories, education, credit, references, criminal background, motor vehicle and police records, general reputation and personal character pertinent to my employment for a period of 12 months.

*Id.*, at p. 2 (emphasis added). Plaintiff electronically signed his application, acknowledging and certifying the above, on August 20, 2010. *Id.*

4

In accordance with its standard policies and procedures for applicant screening, and as agreed to and acknowledged by Plaintiff, ProSource conducted a criminal background check. Exh. A at ¶ 8. The results of the background check revealed that:

- On July 7, 2007, Plaintiff was arrested for and later convicted of "Driving While License Suspended." He was fined $100 and incarcerated for four (4) days.[3]

- On November 17, 2000, Plaintiff was arrested for and later convicted of "Assault Causing Bodily Injury." He was sentenced to 300 days in jail.

- In 1995, Plaintiff was arrested for and convicted of "Theft $20-$500." He was fined $350, sentenced to ten (10) days incarceration, and placed on probation for one (1) year. [4]

Upon discovery of the fact that Plaintiff had provided patently false information on his employment application when he answered that he had no criminal background, ProSource disqualified him from employment and gave no further consideration to his application. Exh. A at ¶ 9. Plaintiff's removal from the applicant screening process was based solely on the fact that he had provided ProSource with false information. *Id.*

**B.**    **ProSource maintains uniform standards of conduct applicable to all applicants and employees, without regard to protected classification.**

ProSource is an equal opportunity employer and at all times acts in accordance with applicable state and federal employment laws. *Id.* at ¶ 10. ProSource's Equal Employment Opportunity Policy explicitly states that all applicants and employees will be afforded equal employment opportunity regardless of his or her race, color, religion,

---

[3] Plaintiff continues to be untruthful in his federal court filings, falsely claiming the "sole determinant in denying Plaintiff an employment opportunity" was the criminal information that was more than seven (7) years old. The criminal history undisputedly includes a conviction resulting in incarceration as recently as 2007.

[4] The records that reflect these convictions are attached as Attachment 2 to Exh. A.

sex, age, national origin, disability or other protected status. *Id.* at ¶ 10. A true and correct copy of ProSource's Equal Employment Opportunity Policy, which was in effect during the relevant time period, is attached as Attachment 3 to Exh. A.

ProSource clearly discloses its policy on applicants providing false or misleading information directly within its application for employment. *See* Exh. A at Att. 1, p. 2. It requires applicants to certify all information provided on the application is "true and complete," and that the applicant understands that **"any misrepresentation, falsification or omission of information may be grounds for termination of the interview process, refusal to hire or, if hired, termination of employment."** *Id.* (emphasis added). This policy promotes the hiring of candidates who exhibit basic standards of honesty and integrity that ProSource and its clients expect of their employees. Exh. A at ¶ 11. The policy is applied equally to all applicants and employees, without regard to race, color, religion, sex, age, national origin, disability or other protected status. *Id.*

C.   **Plaintiff violated ProSource's standards of conduct and the application process was terminated for that violation in accordance with ProSource's policy.**

On August 20, 2010, Plaintiff completed and signed his application for employment. Exh. A at Att. 1. On that application, he clearly answered "No" to the question, **"Have you ever been convicted of a crime or agreed to enter a pretrial diversion or similar program in connection with the prosecution of a criminal offense? (If yes please describe)."** *See* Exh. A at Att. 1, p. 1 (emphasis added). This answer was clearly false as ProSource discovered when it ran a criminal background check on Plaintiff. *See* Exh. A at Att. 2. In accordance with its policy, ProSource

terminated the application process with respect to Plaintiff solely because of his failure to disclose these convictions. *Id.* at ¶ 9.

ProSource's uniform policy and practice has been, and continues to be, to require all applicants to provide true and complete information on their employment applications. *Id.* at ¶ 11. Further, applicants who provide false or misleading information are removed from the applicant screening process. *Id.* at ¶ 11. This policy has been uniformly applied by ProSource to all applicants without regard to race, sex or any other protected characteristic. *Id.* at ¶ 11. In the last year, ProSource has used this same policy to disqualify two Caucasian applicants who lied about their respective criminal background histories on the ProSource application. Exh. A. at ¶ 12. Attached as Attachments 4 and 5 to Exhibit A are the records of these recent applicants who were also removed from the application process when criminal background checks revealed that they also provided false information on their employment application by answering "No" to the same question as Plaintiff. *See* Exh. A at Att. 4, p. 3; Att. 5, p. 5.

## IV.
## SUMMARY JUDGMENT STANDARD

Summary judgment is a vital procedural tool used to weed out untenable causes of action and to preserve for trial only genuine issues of material fact. *See* FED. R. CIV. P. 56; *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Summary judgment is appropriate when the record shows that no genuine dispute exists about any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Baton Rouge Oil & Chem. Workers*

*Un. v. ExxonMobil Corp.*, 289 F.3d 373, 375 (5th Cir. 2002).  Further, a defendant may satisfy its summary judgment burden by negating the existence of a material element of the plaintiff's claim or demonstrating that there is no evidence to support an essential element of the plaintiff's claim.  *See Celotex Corp.*, 477 U.S. at 322-25; *see also Wallace v. Texas Tech Univ.*, 80 F.3d 1042,1047 (5th Cir. 1996).  When a motion for summary judgment is supported by proper evidence, judgment for the movant is appropriate unless the non-movant's response sets forth specific facts showing there is a genuine issue for trial.  FED. R. CIV. P. 56(e).  Here, there is no dispute as to any material fact, and ProSource has negated and/or shown there exists no evidence of an essential element of each of Plaintiff's claims.  Therefore, ProSource is entitled to summary judgment as a matter of law.

## V.
## ARGUMENT AND AUTHORITIES

It is well settled in the Fifth Circuit that it is lawful for an employer to disqualify an individual from employment because he lied on employment documents.  *Avant v. South Cent. Bell Tel. Co.*, 716 F.2d 1083, 1085 (5th Cir. 1983) (affirming trial court's finding of no discriminatory impact); *EEOC v. Chevron Phillips Chem. Co., LP*, 570 F.3d 606, 622 (5th Cir. 2009) (approving assertion that misrepresentation on employment documents is a lawful reason for refusal to hire).  There is no evidence that in following its policy of refusing to hire Plaintiff for providing false information on his employment application that Plaintiff was subjected to discrimination of any kind, and Plaintiff's claims should therefore be dismissed as a matter of law.

8

A.      **Plaintiff's claims of disparate treatment discrimination fail as a matter of law.**

     1.      *Plaintiff cannot establish a prima facie case of discrimination.*

To establish a prima facie case of disparate treatment race or sex discrimination in a "failure to hire" case, a plaintiff must show:  (1) he is a member of a protected class; (2) he was qualified for the position for which the employer was accepting applications; (3) he was denied the position; and (4) the employer hired someone from outside the protected class. *Arraleh v. County of Ramsey*, 461 F.3d 967, 975 (8th Cir. 2006), *cert. denied*, 550 U.S. 904 (2007).  As a matter of law, Plaintiff cannot prove two of the elements required to establish a prima facie case of discrimination.  Plaintiff cannot establish that he was qualified for a position with ProSource or that ProSource hired someone from outside his protected class to fill the position he applied for.

Plaintiff cannot prove that he was qualified for any position with ProSource as result of his having provided false information on his employment application.  In *EEOC v. Con-Way Freight, Inc.,* the Eighth Circuit recently held that an employee could not establish a prima facie case of discrimination in hiring where the company had a policy of disqualifying applicants convicted of theft, and the plaintiff-applicant did in fact have a conviction of theft on her criminal record.  622 F.3d 933 (8th Cir. 2010).  The court noted that:  "[Plaintiff], while satisfying the other [prima facie] requirements, cannot establish that she was qualified for Con-Way's open position because, as we noted above, a theft-related conviction renders an applicant unqualified for any position with the company."  *Id.* at 936.  Here, ProSource has a clear, neutral applicant screening policy whereby applicants who provide false or misleading information on their applications are

9

disqualified from working with ProSource. *See* Exh. A. at ¶ 11.  Plaintiff acknowledged the policy in his application but still chose to violate it, and therefore he was not qualified for any position with ProSource. *See* Exh. A at Att. 1.  Because Plaintiff, through his own actions, was not qualified for a position at ProSource, he cannot establish a prima facie case and his claims of race and sex discrimination therefore fail as a matter of law.

Plaintiff also cannot prove the final element required to establish a prima facie case of hiring discrimination—that ProSource hired someone outside the same protected class to fill the position he applied for. *See Dixon v. Pulaski Cnty. Special School Dist.,* 578 F.3d 862, 868 (8th Cir. 2009).  ProSource did not hire anyone to fill the position Plaintiff applied for. *See* Exh. A at ¶ 3.  As a result, Plaintiff is again unable to satisfy another factor necessary to establish a prima facie case of race or sex discrimination, and his claims fail as a matter of law and must be dismissed.

2.   ***Plaintiff cannot rebut ProSource's legitimate, non-discriminatory reason for the employment decision.***

Even if Plaintiff were able to establish a prima facie case of discrimination (which he cannot do), ProSource has demonstrated a legitimate, non-discriminatory reason for its decisions and actions taken—the fact that Plaintiff provided false information about his criminal background on his employment application.  The Fifth Circuit has uniformly ruled that an applicant's misrepresentation on employment documents is a legitimate, non-discriminatory reason for refusing to hire the applicant. *See, e.g., May v. Minyard Food Stores,* 211 F.3d 126, 2000 WL 310142 (5th Cir. Mar. 10, 2000) (unpublished) (affirming summary judgment on this basis); *EEOC v. Chevron Phillips Chem. Co., LP,*

570 F.3d 606, 622 (5th Cir. 2009) (noting this position is a correct assertion under Fifth Circuit precedent); *Bruton v. Runyon*, 101 F.3d 701, 1996 WL 661627 (5th Cir. Oct. 24, 1996) (unpublished) (affirming summary judgment in favor of employer where employee lied on employment application); *Avant v. South Cent. Bell Tel. Co.*, 716 F.2d 1083, 1085 (5th Cir. 1983) (denying employment to applicant who falsified criminal history on application did not result in disparate treatment).

The analysis with respect to this claim is simple and straightforward. Plaintiff was removed from the hiring process for the sole reason that he made a false statement on his application for employment. *See* Exh. A. at ¶ 9. There is no evidence that he was treated differently or less favorably than applicants outside his protected class. To the contrary, Plaintiff was advised prior to his signing and submitting the application that providing false or misleading information would in fact disqualify him from the employment process. *See* Exh. A. at Att. 1. Plaintiff acknowledged that he was aware of the policy and that the information he provided on the application was in fact true and complete. *Id.* Despite all of the above, Plaintiff chose to provide false information on his application, and that caused him to be removed from the applicant screening process.

The Fifth Circuit has considered similar situations in the past and consistently ruled that an employer is well within its legal rights to deny employment to individuals who lie on their employment documents. For example, in *May v. Minyard Food Stores*, a case nearly identical to this one, the Fifth Circuit affirmed summary judgment where the employer terminated the Plaintiff because he lied about his criminal history on his application. 211 F.3d 126, 2000 WL 310142 (5th Cir. 2000). May had applied for a

11

position as a stocker for Minyard Food Stores ("Minyard"); on his application, May

admitted he had a criminal background and described a single criminal conviction. *Id.* at

*1. Minyard's application, like ProSource's, included an admonition that "intentionally

withholding or misrepresenting information could result in rejection for employment or,

if employed, termination from the company." *Id.* May was hired by the company. *Id.* A

few years later, Minyard suspected employee theft, and conducted background checks on

its employees. *Id.* The investigation revealed May had two additional convictions for

felony theft which were not disclosed on his application. *Id.* Minyard terminated May

because he lied on his employment application. *Id.*

May subsequently sued Minyard, alleging discriminatory discharge, contending

that he did not falsify his application because he admitted to a criminal history. *Id.* at *2.

The Fifth Circuit nevertheless affirmed summary judgment for the employer because:

> [t]he issue, though, is not whether Minyard made a mistake in
> finding nondisclosure, but whether Minyard's stated reason
> for discharging May was fabricated to mask racial animus.
> On this, May offers no evidence. He does assert his
> subjective belief that Minyard fired him because he was
> black, but this is not competent summary judgment evidence.

*Id.* (internal citations omitted). Here, Plaintiff likewise lacks any evidence that he was

not hired by ProSource because of his race or gender other than his own subjective belief.

In contrast, the competent summary judgment evidence presented by ProSource

conclusively establishes that he was rejected for employment because he violated a

neutral policy against falsifying the employment application, that all applicants were

subject to the same policy, and that in the last year alone, two Caucasian applicants were

disqualified for violating the same policy.  Exh. A at ¶ 12.  Thus, summary judgment is proper.

Similarly, in *Avant v. South Central Telephone Company*, the Fifth Circuit affirmed the trial court below, holding that denying employment to an individual who had knowingly omitted a prior conviction from his application was lawful and did not result in disparate treatment.  716 F.2d at 1087.  Likewise, in *EEOC v. Chevron Phillips Chemical Co., L.P.*, the Fifth Circuit considered whether Chevron Phillips unlawfully terminated an employee who misrepresented her medical history.  570 F.3d at 623. Citing *Avant*, the Court explained that Chevron Phillips was correct in its assertion "that misrepresentations on employee documents can be a legitimate, non-discriminatory reason for an adverse employment decision, like declining to hire or firing an employee." *Id*. Fifth Circuit precedent is thus clear that ProSource's articulated reason for declining to hire Plaintiff—that he lied by omission by failing to disclose convictions on his employment application—is a permissible reason for rejecting an applicant.

ProSource has clearly demonstrated a legitimate, non-discriminatory reason for the actions taken with respect to Plaintiff.  In disqualifying Plaintiff from the employment screening process, ProSource adhered to its clearly stated and uniformly applied policy of disqualifying applicants who provide false or misleading information on his or her employment application. Exh. A at ¶ 11.  Other applicants, including Caucasians, were also similarly treated for providing false information on their employment applications with ProSource. *See* Exh. A at Att. 4, 5.  Plaintiff was fully aware of and understood the

13

consequence of such actions, and acknowledged in writing that such violations would result in disqualification from employment with ProSource. *See* Exh. A at Att. 1.

Moreover, Plaintiff cannot demonstrate pretext. To rebut ProSource's legitimate, non-discriminatory reason for the action, Plaintiff must present evidence that (1) creates a fact issue as to whether ProSource's stated reason for his disqualification is pretext for its actual motivation, and that (2) creates a reasonable inference that the true reason for his disqualification is his race and/or gender. *See, e.g., May*, 2000 WL 310142 at *2. Plaintiff cannot meet either of these elements. First, no competent summary judgment evidence exists to suggest ProSource's stated reason is pretext for discrimination. Importantly, Plaintiff's subjective belief that he was denied employment based upon his race or gender is insufficient to survive summary judgment. *Id.*; *Bruton*, 1996 WL 661627 at *2. Second, all available evidence supports ProSource's contention that its policy of disqualifying applicants who falsify their criminal history is applied to all applicants, regardless of race. ProSource has identified two Caucasian males who were disqualified for the same reason as Plaintiff, demonstrating beyond dispute that the policy is neutrally applied. *See* Exh. A at Att. 4, Att. 5. Consequently, because Plaintiff is unable to establish a prima facie case of race or sex discrimination, and because there is no evidence of pretext, Plaintiff's discrimination claims fail as a matter of law and should be dismissed.

B.   **Plaintiff's claims of disparate impact discrimination fail as a matter of law.**

Plaintiff alleges ProSource discriminated against him by denying him "an employment opportunity solely because of the information obtained in [his] criminal

background." *See* Plaintiff's Original Complaint at ¶ 2. This claim fails as a matter of law because: (1) ProSource did not decline to employ him because of his criminal history, rather, ProSource disqualified Plaintiff because he provided false information on his application for employment. *See* Exh. A. at ¶ 9. Further, to the degree that Plaintiff is challenging the actual policy behind his removal from the screening process—ProSource's policy of disqualifying applicants who provide false or misleading information—his claim would still fail as a matter of law.

A claim of disparate impact discrimination challenges "employment practices that are facially neutral in their treatment of different groups but that in fact fall more harshly on one group than another and cannot be justified by business necessity." *Stout v. Potter*, 276 F.3d 1118, 1121 (9th Cir. 2002) (quoting *Int'l Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n. 15, (1977)). A plaintiff establishes a prima facie case of disparate impact by showing a significant disparate impact on a protected class caused by a specific, identified employment practice or selection criterion. *Watson v. Fort Worth Bank & Trust*, 487 U.S. 977, 994-96 (1988). It is not sufficient to present evidence raising an inference of discrimination on a disparate impact claim. *Stout*, 276 F.3d at 1121. The person or persons alleging such discrimination "must actually prove the discriminatory impact at issue." *Id.*

In the present case, it is clear that Plaintiff has not and cannot present evidence that a policy of disqualifying applicants who falsify their employment applications will have a significant disparate impact on a protected class. Because Plaintiff was not dismissed pursuant to any policy disqualifying persons with criminal convictions as

15

alleged in his Complaint, and because he has not and will not be able to present proof of disparate impact of the policy that actually led to his dismissal from the application process, his charges of disparate impact race and sex discrimination must be dismissed as a matter of law.

## VI.
## REQUEST FOR RELIEF

FOR ALL THE FOREGOING REASONS, Defendant respectfully requests that the Court grant its Motion for Summary Judgment and dismiss all of Plaintiff's claims with prejudice, and for all such other relief the Court finds it to be justly entitled.

16

1121020v.3