IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN MANLEY, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-11-2408 |
| | § | |
| INVESCO, *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

Pending before this Court are Plaintiff's Request to Compel Records [Doc. # 48],[1] Plaintiff's Motion to Amend Complaint [Doc. # 45],[2] Plaintiff's Reurged Request for Extension to Provide an Expert Witness [Docs. # 46],[3] and Defendant National ProSource, Inc.'s Motion for Continuance [Doc. # 60].[4]  These motions all are now ripe for consideration.  Having carefully considered the parties' submissions,

---

[1]   Invesco and ProSource have responded, *see* Docs. ## 51, 57, and Plaintiff has replied, *see* Doc. # 53.

[2]   Defendants Invesco, Matrix, and Pro Source have responded, *see* Docs. ## 50, 52, 58, and Plaintiff has replied, *see* Doc. # 54.

[3]   Only ProSource has responded to Plaintiff's Reurged Request for Extension.  *See* Doc. # 56.  At a February 16, 2012 hearing, the Court denied as premature Plaintiff's Request for Extension to Provide an Expert Witness [Doc. # 33], *see* Order [Doc. # 42], but the similar motion is now ripe.

[4]   This motion became ripe 21 days after it was filed, and Plaintiff has not submitted any opposition.  The Motion is deemed unopposed pursuant to Local Rule 7.4.

all matters of record and the applicable law, the Court **grants** some and **denies** some of the relief requested.

## I.   <u>BACKGROUND</u>

Plaintiff Stephen Manley proceeding *pro se* filed an Original Complaint ("Complaint") in this case on June 24, 2011, asserting that Defendants Invesco Investment Services, Invesco Group Services, Inc., Invesco Management Group (collectively "Invesco"), National ProSource, Inc. ("ProSource"), and Matrix Resources, Inc. ("Matrix") violated Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, and Section 605 of the Fair Credit Reporting Act ("FCRA") by allegedly obtaining and using Plaintiff's criminal background history to deny Plaintiff a job opportunity.   Compl. [Doc. # 1], at 2-3.   Factually, Plaintiff alleges that "Defendant(s) has a pattern and a blanket policy to deny employment opportunity to individuals with criminal records which disparately impacts and adversely affects the minority applicant pools who are protected classes under the law."   Compl. [Doc. # 1], at 3, ¶ 8. Plaintiff further alleges that the retrieved criminal information "antedated seven years which also violated plaintiffs [*sic*] rights under the FCRA § 605 [15 U.S.C. § 1681c] and was used as the sole determinant in denying plaintiff an employment opportunity."   *Id.*  Defendants each answered the Complaint in July 2011. Prosource filed a motion for summary judgment which was denied after full briefing.

On November 10, 2011, the Court held a pretrial conference in this case and discussed with the parties a pretrial schedule.  The Court thereafter entered a Docket Control Order setting January 31, 2012, as the deadline for amending pleadings.  *See* Order [Doc. # 28].  The parties have engaged in extensive document discovery[5] and depositions of Plaintiff and at least one defense corporate representative.  Under the Docket Control Order, Plaintiff was to have designated his experts and filed an expert report by April 30, 2012.  Defendants were to have done the same by June 15, 2012. Discovery is to be completed by August 30, 2012.

On April 25, 2012, Plaintiff filed several motions that the Court will address in turn.  *See* Motion to Amend Complaint [Doc. # 45]; Request to Compel Employment Records [Doc. # 48]; Reurged Request for Extension to Provide an Expert Witness [Docs. ## 46].   On June 20, 2012, Defendant ProSource filed a Motion for Continuance [Doc. # 60].  Plaintiff has also filed affidavits in support of his motions. *See* Affidavits [Docs. ## 47, 55].

## II.    PLAINTIFF'S REQUEST TO COMPEL UNREDACTED ELECTRONIC COPIES OF PREVIOUSLY PRODUCED RECORDS

Defendants ProSource and Matrix, two employment agencies, have produced in redacted form hard copies of job application records of employment seekers other

---

[5]    The Court, upon objections by Defendants to Plaintiff's voluminous and burdensome document discovery requests, limited Plaintiff to 10 interrogatories and 10 document requests to each Defendant.  *See* Order [Doc. # 42].

than Plaintiff.  Plaintiff requests an order compelling these Defendants to provide additional copies of these records in unredacted and electronic form.  *See* Docs. ## 48, 53.[6]  Plaintiff suspects that Defendants have altered, falsified or engaged in some spoliation of these records because several of the produced documents contain what Plaintiff deems to be "irregularities," such as alleged alterations, redactions, and/or inconsistencies in information relating to race, sex, and date of application or other events.  *See* Doc. # 48 at 2.

The Court concludes after careful consideration that Plaintiff's concerns about possible spoliation, alteration of documents and falsification of information are unfounded.  The inconsistencies Plaintiff notes in the records are not persuasive evidence of Defendants' alteration or spoliation of any materials.  Rather, Defendants have established that any inconsistencies are benign and not evidence of spoliation or other improper conduct.  Furthermore, the redactions made by Defendants are fully appropriate.  Production of job application and associated personal records without redactions would be a gross and unnecessary invasion of privacy of the individuals who are the subjects of the records in issue.

---

[6]     Plaintiff refers to Invesco at the outset of its Motion to Compel, *see* Doc. # 48, at 5, but does not allege any concerns about specific records Invesco has produced.  *See* Reply [Doc. # 53], at 2, 4.  Accordingly, to the extent Plaintiff's Motion to Compel is intended to refer to Invesco, the Motion is **DENIED**.

Additionally, there is no need for Defendants to provide the documents to Plaintiff a second time in order to produce them in electronic form.  The hard copies produced by Defendants are sufficient under present circumstances.  Accordingly, Plaintiff's Request to Compel Records [Doc. # 48] is **DENIED**.

## III.   PLAINTIFF'S MOTION TO AMEND OR SUPPLEMENT COMPLAINT

Plaintiff seeks leave to amend or supplement his Complaint, *see* Doc. # 45, to add or clarify federal claims for violations of Title VII,[7] the Civil Rights Act of 1991,[8] the FCRA § 605,[9] and 42 U.S.C. § 1983, as well as to add completely new state law claims for violations of the Texas Labor Code §§ 21.051, 21.052, and 21.056, plus a claim under the Texas Business and Commerce Code § 20.05.  Defendants all strenuously oppose this relief on the grounds that the new claims greatly expand this suit late in the discovery process, that there is no reasonable basis for the late amendments, that written discovery and depositions would need to be reopened, and that many of the proposed claims are futile.

Plaintiff contends he only learned of these new claims at his own deposition, when he was shown several documents by Matrix's counsel, and at the deposition of Mike Sanner, the Managing Director of Matrix's Houston office.  Plaintiff filed this

---

[7]     42 U.S.C. § 2000e *et seq*.

[8]     42 U.S.C. § 1981.

[9]     15 U.S.C. § 1681c.

Motion on April 25, 2012, almost three months after the amendment deadline set by the Court and parties at the pretrial conference.

Plaintiff's Motion to Amend is governed by Rule 16(b)(4) of the Federal Rules of Civil Procedure.  Rule 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent."  Good cause is met when the party seeking relief demonstrates that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension."  *S & W Enters., L.L.C. v. SouthTrust Bank of Ala., NA,* 315 F.3d 533, 535 (5th Cir. 2003) (citation omitted); *see Marathon Fin. Ins., Inc. v. Ford Motor Co.*, 591 F.3d 458, 470 (5th Cir. 2009); *Fahim v. Marriott Hotel Servs., Inc*., 551 F.3d 344, 348 (5th Cir. 2008).  Mere inadvertence on the part of the movant and the absence of prejudice to the non-movant are insufficient to establish good cause.  *See Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir.1990); *Ellipse Commc'ns, Inc. v. Caven*, 2009 WL 734035, *1 (N.D. Tex. Mar. 19, 2009).  Instead, the movant must show that "the deadlines cannot reasonably be met despite the diligence of the party needing the extension." *Marathon*, 591 F.3d at 470 (citing *S & W Enters.,* 315 F.3d at 535).  District courts are afforded "a great deal of deference in determining whether to modify scheduling orders, especially where, as here, the record suggests that the movant repeatedly demonstrated a lack of diligence." *Bilbe v. Belsom*, 530 F.3d 314, 317 (5th Cir. 2008).  "In the context of a motion for leave to amend, the court may deny the motion if the movant 'knows or

should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint.'" *Udoewa v. Plus4 Credit Union*, 2010 WL 1169963, *2 (S.D. Tex. Mar. 23, 2010) (Rosenthal, J.) (quoting *Pallottino v. City of Rio Rancho,* 31 F.3d 1023, 1027 (10th Cir. 1994)); *see also Hawthorne Land Co. v. Occidental Chem. Corp.,* 431 F.3d 221, 227 (5th Cir. 2005) (per curiam) (denying leave to amend under Rule 16(b) where plaintiff failed to demonstrate why a legal theory was not asserted in a previous motion to amend); *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340-41 (2d Cir. 2000) (denying leave to amend under Rule 16(b) where plaintiff "had all the information necessary" to support the new claim at the time he filed the lawsuit); *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) (denying leave to amend under Rule 16(b) when facts were known to plaintiff at time of first complaint); *see also Pope v. MCI Telecomms. Corp.*, 937 F.2d 258, 263 (5th Cir. 1991) (denying, under Rule 15(a)'s more lenient standard, a late-filed motion to amend a complaint to include claims based on same facts).

To determine whether the moving party has established "good cause," the Fifth Circuit has a longstanding test.  Courts are to consider the following four factors:  "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice."  *Marathon*, 591 F.3d at 470 (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 546 (5th Cir. 2003)); *S&W*

*Enters.,* 315 F.3d at 536 (citing *Reliance Ins. Co. v. La. Land & Expl'n Co.*, 110 F.3d 253, 257 (5th Cir.1997)).

Plaintiff has failed to make the necessary showing under several of the four "good cause" factors to justify adding a new federal claim under 42 U.S.C. § 1983 or any state law claims.[10]  Most importantly, Plaintiff has not given persuasive reasons why he could not have alleged these claims by the January 31, 2012, deadline established by the Docket Control Order.  Plaintiff's references to his and Sanner's depositions are unconvincing, as Plaintiff knew well before April 25, the date of his Motion, the facts he alleges in the proposed Amended Complaint.  Indeed, the fact that Plaintiff apparently saw for the first time during his own deposition the job applications of several other applicants and the fact that Plaintiff learned from Sanner the chronology of Matrix contacting Invesco about Plaintiff's availability are not sufficient to justify adding the new claims Plaintiff seeks to include.[11]  The facts learned by Plaintiff in his ***own*** deposition and that of Sanner are not sufficient to warrant a massive expansion of this case, which has been pending more than a year

---

[10]    To the extent Plaintiff seeks to clarify his claims under Title VII (42 U.S.C. § 2000e *et seq.*), the Civil Rights Act of 1991 (42 U.S.C. § 1981), and FCRA § 605 (15 U.S.C. § 1681c), the Court will **grant** Plaintiff's request to supplement his Complaint.

[11]    It is noted that Plaintiff had a listing on *monster.com* indicating that he was interested in the type of position that Invesco allegedly had available.  Thus, it is not apparent why it was improper for an employment agency to forward Plaintiff's information to Invesco without Plaintiff's express permission insofar as the information was obtained solely from the *monster.com* posting.

and is close to the end of the originally set discovery period.   Indeed, Plaintiff acknowledges that the facts on which he bases his proposed new claims are the same as those on which he based the claims in his Complaint.[12]   Insofar as Plaintiff seeks to add state law claims, this request amounts to an attempted wholesale revision of the legal bases of this suit, without any explanation of the importance of these additions. Plaintiff has not met his burden under the first factor of the Rule 16 July 19, 2012 good cause test.

Plaintiff also does not explain why any of the additional claims are important to him, given that he asserted in his Complaint a Title VII claim, a 42 U.S.C. § 1981 claim,[13] and an FCRA § 605 claim.  He therefore has not met the second factor of the

---

[12]   Any claim Plaintiff may be seeking to assert under 42 U.S.C. § 1983, in any event, appears futile.  To state a claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law.  *James v. Tex. Collin County*, 535 F.3d 365, 373 (5th Cir. 2008) (emphasis added).  Plaintiff alleges no participation of any person acting under color of state law.

[13]   Section 1981 prohibits racial discrimination in the making and enforcement of contracts.  "The term 'make and enforce contracts' includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."   42 U.S.C. § 1981(b).  Claims of racial discrimination brought under § 1981 are "governed by the same evidentiary framework" applicable to claims of employment discrimination brought under Title VII.'"  *Jackson v. Watkins*, 619 F.3d 463, 466 (5th Cir. 2010) (per curiam) (quoting *Pegram v. Honeywell, Inc.*, 361 F.3d 272, 281 n.7 (5th Cir. 2004)); *Lauderdale v. Tex. Dept. of Crim. Justice, Inst. Div.*, 512 F.3d 157, 166 (5th Cir. 2007) ("[I]nquiry into intentional discrimination is essentially the same for actions brought under 1981 and 1983, and Title VII"); *Jones v. Robinson Prop. Group, L.P.*, 427 F.3d 987, 992 (5th Cir. 2005) (citing *Raggs v. Miss. Power & Light Co.*, 278 F.3d

good cause test.

Regarding the third and fourth factors, Defendants have established that there is significant prejudice to permitting the amendment sought.  Discovery would need to be reopened.  Document production would need to be reconsidered and potentially redone.  Witnesses would need to be re-deposed.  The parties and the Court would need to undertake entirely different legal analysis.  Matrix has already filed a second motion for summary judgment.  *See* Motion [Doc. # 62].  While a continuance to reopen discovery theoretically could be granted, the continuance would likely entail substantial delay in this case, which will cost Plaintiff and Defendants valuable resources and prolong resolution of this matter.

The Court accordingly **DENIES** Plaintiff's Motion to Amend [Doc. # 45] to add new federal or state claims to this case, except insofar as Plaintiff seeks to elaborate on his pre-existing Title VII, 42 U.S.C. § 1981, and FCRA § 605 claims. To that limited extent, his Motion to Amend is **GRANTED in part**.

## IV.   REQUESTS FOR EXTENSIONS OF TIME

Plaintiff seeks an extension to designate expert witnesses and, presumably, to provide an expert report containing the opinions of that expert witness [Doc. # 46]. This request will be granted but requires adjustment of other deadlines. Fact discovery

---

463, 468 (5th Cir. 2002)).

was delayed because of discovery disputes, and fact discovery has not yet been completed.  Moreover, it is possible that the parties have delayed discovery due to the pendency of Plaintiff's motions.

ProSource also seeks a continuance of the Joint Pretrial Order deadline and the trial date.  It does not appear that Plaintiff opposes this relief.  A short continuance of the Pretrial Order submission and the Docket Call dates are appropriate.  Therefore, Plaintiff's Motion for extension of time to designate experts and serve expert reports [Doc. # 46] and ProSource's Motion for Continuance [Doc. # 60] are **GRANTED.** The date of trial will be set at Docket Call.  It is accordingly **ORDERED** that the Docket Control Order is **AMENDED** to include the following deadlines:

| | |
|---|---|
| Fact Discovery Deadline: | August 22, 2012 |
| Plaintiff's Expert Disclosure deadline: | August 23, 2012 |
| Defendant's Expert Disclosure deadline: | September 10, 2012 |
| Expert Discovery Deadline: | October 5, 2012 |
| Motions Deadline: | October 19, 2012 |
| Mediation (Required) Deadline: | December 29, 2012 |
| Joint Pretrial Order due: | February 11, 2013 |
| Docket Call (4:00 p.m.): | February 19, 2013 |

It is **SO ORDERED**.

SIGNED at Houston, Texas this **20**th day of **July, 2012.**

Nancy F. Atlas
United States District Judge