IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN MANLEY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-2408 |
| § | | |
| INVESCO, *et al.*, § | | |
| Defendants. § | | |

## **MEMORANDUM AND ORDER**

This case is before the Court on Plaintiff Stephen Manley's Motion for Relief from Judgment ("Rule 60(b) Motion") [Doc. # 111] and Motion for Reconsideration of Summary Judgment ("Rule 59(e) Motion") [Doc. # 113] (collectively, the "Motions"). The Motions are fully briefed and ripe for consideration.[1] The Court has carefully reviewed the parties' arguments, the parties' record citations, and applicable law, and concludes that Manley's Rule 60(b) Motion and Rule 59(e) Motion will be **denied**.

**I.   Jurisdiction**

"Federal courts 'must raise and decide jurisdictional questions that the parties

---

[1] Manley filed an affidavit [Doc. # 112] in support of his Motions. Matrix [Doc. # 132] and Invesco [Doc. # 134] filed responses to Manley's Rule 60(b) Motion. Matrix [Doc. # 133] and Invesco [Doc. # 135] also filed responses to Manley's Rule 59(e) Motion.

either overlook or elect not to press.'" *A.I.M. Controls, L.L.C. v. C.I.R.*, 672 F.3d 390, 392 (5th Cir. 2012); *see also Filer v. Donley*, 690 F.3d 643, 646 (5th Cir. 2012). "'[A] perfected appeal divests the district court of jurisdiction.'" *Shepherd v. Int'l Paper Co.,* 372 F.3d 326, 329 (5th Cir. 2004) (quoting *Winchester v. U.S. Atty. for S.D. of Tex.*, 68 F.3d 947, 950 (5th Cir. 1995)). However,"[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in [Federal Rule of Appellate Procedure] 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered." FED. R. APP. P. 4(a)(4)(B)(i). The Fifth Circuit has ruled that "the timely filing of a motion listed in Rule 4(a)(4)(A) suspends or renders dormant a notice of appeal until all such motions are disposed of by the trial court . . . regardless of whether the motion was filed before or after the notice of appeal." *Ross v. Marshall*, 426 F.3d 745, 751-52 (5th Cir. 2005) (citations omitted).

Motions filed pursuant to Federal Rule of Civil Procedure 60(b) no later than 28 days after the entry of judgment are covered by Federal Rule of Appellate Procedure 4(a)(4)(A). FED. R. APP. P. 4(a)(4)(A)(vi). Thus, the district court retains jurisdiction to consider such Rule 60(b) motions. FED. R. APP. P. 4(a)(4)(B)(i); *Goffney v. Sauceda*, 444 F. App'x 69, 70 (5th Cir. Oct. 7, 2011). The Court granted Invesco and Matrix's Motions for Summary Judgment and entered judgment on November 6, 2012.

*See* Docs. # 105 and #106. Manley filed his notice of appeal on November 13, 2012, within 28 days from when the judgment was entered.

In addition, the Court retains jurisdiction to address a timely filed Federal Rule of Civil Procedure Rule 59(e) motion to alter or amend the judgment. *Ross*, 436 F.3d at 752 (quoting FED. R. APP. P. 4(a)(4)(A)(iv)). A Rule 59(e) motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. FED. R. CIV. P. 59(e). Manley timely filed his Rule 59(e) motion on November 13, 2012, seven days after the entry of judgment.

Accordingly, this Court has jurisdiction to consider Manley's Rule 60(b) and Rule 59 Motions. Because the arguments in these two Motions are substantially similar, the Court considers the Motions together.

## II. LEGAL STANDARDS

### A. Rule 60(b)

Federal Rule of Civil Procedure 60(b) provides six grounds for relief. Manley argues that he is entitled to relief under three of these grounds, Rules 60(b)(1), (3), and (6). Rule 60(b)(1) provides for relief from judgment where the movant establishes "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b)(1); *Benson v. St. Joseph Regional Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009).

Under Rule 60(b)(3), relief is available where the movant presents clear and

convincing evidence that "(1) that the adverse party engaged in fraud or other misconduct, and (2) that this misconduct prevented the moving party from fully and fairly presenting his case." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 641 (5th Cir. 2005). "This subsection of the Rule is aimed at judgments which were unfairly obtained, not at those which are factually incorrect." *Gen'l Universal Sys. v. Lee*, 379 F.3d 131, 156 (5th Cir. 2004) (citing *Johnson v. Offshore Express, Inc.*, 845 F.2d 1347, 1359 (5th Cir. 1988); *Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1339 (5th Cir. 1978)).

Rule 60(b)(6) is a catch-all provision that permits relief "for any other reason justifying relief from the operation of the judgment." FED R. CIV. P. 60(b)(6); *Hesling*, 396 F.3d at 639. "Relief under Rule 60(b)(6) is mutually exclusive from relief available under sections (1)-(5)." *Id.* at 643. Rule 60(b)(6) relief should be granted only where extraordinary circumstances are present. *See Ackerman v. United States*, 340 U.S. 193, 201 (1950); *Hesling*, 396 F.3d at 642; *Edwin H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 357 (5th Cir. 1993).

### B. <u>Rule 59(e)</u>

Federal Rule of Civil Procedure 59(e) permits a litigant to file a motion to alter or amend a judgment. FED. R. CIV. P. 59(e). Reconsideration of a judgment "is an extraordinary remedy that should be used sparingly." *Templet v. Hydrochem, Inc.*, 367

F.3d 473, 479 (5th Cir. 2004). "A motion to alter or amend judgment must 'clearly establish either a manifest error of law or fact or must present newly discovered evidence.'" *Ross*, 426 F.3d at 763 (quoting *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990)). Moreover, "an unexcused failure to present evidence available at the time of summary judgment provides a valid basis for denying a subsequent motion for reconsideration." *Templet*, 367 F.3d at 479 (citing *Russ v. Int'l Paper Co.*, 943 F.2d 589, 593 (5th Cir. 1991)). Importantly, a "Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and Plaintiff cannot have a 'second bite at the apple' on the same issues that were previously addressed by the parties and this Court." *Alvarado v. Texas Rangers*, No. EP-03-CA-0305-FM, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005).

### III.   ANALYSIS

#### A.   Manley's Arguments

Manley argues that he is entitled to relief under Federal Rule of Civil Procedure 60(b)(1) because he has been "utterly surprised" by "Invesco and Matrix's non-compliance" with timely requested discovery, the Court's orders, and the Federal Rules of Civil Procedure. Rule 60(b) Motion, at 2. He also argues that because Matrix and Invesco have not complied with timely requested discovery, the Court's orders, and the Federal Rules of Civil Procedure, and because these Defendants have refused to allow

questions to be answered during the depositions, (1) Matrix and Invesco committed "fraud, misrepresentation, or other misconduct"; (2) the judgment contains a clear error; and (3) the judgment will result in manifest injustice. *Id.* at 2-4; Rule 59(e) Motion, at 2-3. Additionally, citing Stephanie Cox's email and Invesco's "admission" that it made all final hiring decisions, Manley asserts that he raised genuine issues of material fact as to Matrix's and Invesco's discriminatory motive, who made hiring decisions, and Invesco's reason for not hiring him. Rule 60(b) Motion, at 4-5, 7, 10-17; Rule 59(e) Motion, at 4, 7, 10-17. Manley also claims that Matrix's argument that he did not apply for a specific position is incorrect. Rule 60(b) Motion, at 5-6; Rule 59(e) Motion, at 5-6. Finally, Manley argues that Invesco is liable because Invesco and ProSource are a single employer. Rule 60(b) Motion, at 8-10; Rule 59(e) Motion, at 7-8.

### B.   Ability to Raise Arguments Previously

All of the arguments raised by Manley either were or could have been raised in his previous responses to Matrix and ProSource's Motions for Summary Judgment. A Rule 60(b) motion may not be used to raise arguments that could have been raised prior to judgment or to argue new legal theories. *Williams v. Toyota Motor Engineering & Mfg. N. Am, Inc.*, No. 11-60593, 2012 WL 1521640, at *3 (5th Cir. May 1, 2012) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863 (5th Cir. 2003);

*Simon v. U.S.*, 891 F.2d 1154, 1159 (5th Cir. 1990)).  Similarly, a Rule 59(e) motion is not a "vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment" but instead has a "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet*, 367 F.3d at 478-79; *see also Ross*, 426 F.3d at 763. Because each of Manley's arguments was either previously addressed by the Court or was not previously raised after the opportunity to do so, these grounds are not bases for relief.

### C. Discovery Issues

Even if the Court were to address the merits of Manley's arguments, his Motions should be denied.  Matrix and Invesco have adequately complied with this Court's discovery orders and their production objections.  The additional discovery material Manley seeks and the questions that were not answered during depositions are not material to the Court's rulings.  They do not pertain to the Court's conclusions that Manley lacks standing to sue either Matrix or Invesco and that neither company was a "debt collector" under the Fair Credit Reporting Act.  Manley is not among the group of Blacks or males whom Matrix refused to refer or who were not hired by Invesco because of their criminal record.  These Defendants were not aware of his criminal record when they considered his application.  Therefore, the Court concludes that

Matrix and Invesco did not engage in fraud, misrepresentation, or other misconduct in failing to provide the discovery Manley sought. The Court's judgment dismissing Manley's claims against Matrix and Invesco contains no clear error and does not work a manifest injustice.

Further, although Manley may personally have been "surprised" that Matrix and Invesco objected to some of his discovery requests and deposition questions, this subjective surprise is legally insufficient for Rule 60(b)(1) relief as the term "surprise" is applied by appellate courts. The Fifth Circuit has "limited reversible error from unfair surprise . . . to situations where a completely new issue is suddenly raised or a previously unidentified expert witness is suddenly called to testify." *Genmoora Corp. v. Moore Bus. Forms, Inc.*, 939 F.2d 1149, 1156 (5th Cir. 1991) (quoting *Conway v. Chem. Leaman Tank Lines, Inc.*, 687 F.2d 108, 112 (5th Cir. 1982)) (internal quotation marks omitted); *see also Arriaga v. Rendon*, No. V-08-76, 2010 WL 4236876, at *3 (S.D. Tex. Oct. 19, 2010). Manley has offered no evidence that Matrix or Invesco unexpectedly raised a new issue or used an unexpected expert witness. Thus, Manley has not proven "surprise" within the meaning of Federal Rule of Civil Procedure 60(b)(1).

### D.     Manley's Job Applications

Manley argues that Matrix's assertion that he did not apply for a specific

position is untrue. While the Court, in a footnote, stated that Manley had offered no evidence that he applied for a position other than as a SQL/Siebel developer or that he applied for positions for which Matrix failed to refer him, the Court did not base its ruling on these points. Manley has not clearly established that the Court's assessment contained either a manifest error of law or fact. *See generally Ross*, 426 F.3d at 763; *Hesling*, 396 F.3d at 643.

### E.   Genuine Issues of Material Fact

Manley also asserts that genuine issues of material fact exist as to (1) Matrix's and Invesco's discriminatory motive, (2) who made the final hiring decisions, and (3) whether Invesco's proffered reason for not hiring Manley was pretextual. The Court disagrees. First, there is no genuine issue of material fact whether Matrix or Invesco had a discriminatory motive. There is no evidence that Invesco was aware of Manley's criminal history. The email from Stephanie Cox [Doc. # 90, Exh. 3, at 29] serves only as evidence that *ProSource*, not Matrix and Invesco, was aware of Manley's criminal history. There is no evidence that Invesco applied any policy of refusing to hire individuals with criminal records because there is no evidence that Invesco knew of Manley's criminal history. Similarly, even if Matrix had a policy of not referring individuals with criminal records, the company in fact did refer Manley to Invesco. Manley's bare assertions of discriminatory intent or pretext are insufficient

to establish a genuine issue of material fact. "[C]onclusory allegations" or "unsubstantiated assertions" do not meet the non-movant's burden. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 399 (5th Cir. 2008).

Second, all parties agree that Invesco made the final hiring decision. As Manley stated in his Motions, "[n]o party to this suit has exclaimed otherwise." Rule 60(b) Motion, at 4; Rule 59(e) Motion, at 15; *see also* Rule 60(b) Motion, at 10-17; Rule 59(e) Motion, at 10-17. As a result, there is no fact issue regarding who decides whether to hire applicants referred to Invesco by Matrix and ProSource.

Third, the issue of pretext was directly addressed in the Court's Memorandum and Order on summary judgment. Manley has offered no new evidence to demonstrate that his qualifications were of such weight and significance that no impartial, reasonable person could have chosen the woman Invesco hired rather than Manley. *See Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc.*, 482 F.3d 408, 412 (5th Cir. 2007); *Deines v. Tex. Dep't of Protective & Regulatory Servs.*, 164 F.3d 277, 281 (5th Cir. 1999). Instead, Manley argues that Matrix's referral of him is proof he was qualified, not overqualified. This conclusion is not correct. Matrix's referral of Manley to Invesco because he met the minimum qualifications for the SQL/Siebel developer position is not inconsistent with Invesco's view that Manley was over-qualified for the position in its opinion. Manley has not demonstrated at a genuine

issue of material fact exists as to any of his claims against Matrix or Invesco.

### F.      Single or Joint Employer Liability

Finally, Manley argues that Invesco and ProSource should be treated as a single or a joint employer. "[T]he rule has emerged that superficially distinct entities may be exposed to liability upon a finding that they represent a single, integrated enterprise: a single employer.  Factors considered in determining whether distinct entities constitute an integrated enterprise are (1) interrelation of operations, (2) centralized control of labor relations, (3) common management, and (4) common ownership or financial control." *Trevino v. Celanese Corp.*, 701 F.2d 397, 403-04 (5th Cir. 1983). The admissible record evidence demonstrates that ProSource is a hiring agency that refers applicants for multiple employers, including but not limited to Invesco. ProSource has contractually agreed to find applicants for Invesco. Manley has offered no admissible evidence that ProSource does not have its own management and ownership. Nor has Manley offered evidence that ProSource lacks independent control over its operations and finances. Moreover, although Invesco made the final decision who to hire, it was ProSource that made the separate final decision who to refer. Manley's claims against ProSource involve ProSource's decision not to refer Manley, a decision in which Invesco had no role. Manley's argument to the contrary is without

merit.[2]

## III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff Stephen Manley's Motion for Relief from Judgment [Doc. # 111] is **DENIED**. It is further

**ORDERED** that Plaintiff Stephen Manley's Motion for Reconsideration of Summary Judgment [Doc. # 113] is **DENIED**.

SIGNED at Houston, Texas, this 31st day of **January, 2013**.

Nancy F. Atlas
United States District Judge

---

[2] Manley has also offered no admissible evidence in his Affidavit [Doc. # 112] or otherwise that ProSource and Matrix share management, ownership, or control over employees, operations, and finances.