IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| STEPHEN MANLEY, § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | CIVIL ACTION NO. H-11-2408 |
| § | | |
| NATIONAL PROSOURCE, INC., § | | |
| Defendants. § | | |

## MEMORANDUM AND ORDER

The Court has received Plaintiff Stephen Manley's ("Plaintiff's") Motion to Recuse [Doc. # 178]. Plaintiff seeks to disqualify the undersigned from continuing to preside over this case. The motion lacks merit and is denied.

## I. LEGAL STANDARDS

Plaintiff argues that the Court must recuse itself pursuant to 28 U.S.C. § 455 and § 144. "Substantively, the two statutes are quite similar, if not identical." *Phillips*, 637 F.2d at 1019. Both may be considered together. *See MMR Corp.*, 954 F.2d at 1045-46.[1] "Under either statute, the alleged bias must be 'personal', as

---

[1] As the Fifth Circuit explained: "To the extent that there is a difference, section 455 imposes the stricter standard: a movant under section 144 must allege facts to convince a reasonable person that bias exists, while under the broader language of section 455, he must show only that a reasonable person 'would harbor doubts about the judge's impartiality.'" *Phillips*, 637 F.2d at 1019 n.6 (citations omitted). The Circuit went on to explain, however, that "section 455, unlike section 144, does not

distinguished from judicial, in nature." *Phillips*, 637 F.2d at 1020 (citations omitted). "[T]he bias 'must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *Id.* (citation omitted). It has been longstanding doctrine that "a motion for disqualification ordinarily may not be predicated on the judge's rulings in the instant case or in related cases, nor on a demonstrated tendency to rule any particular way, nor on a particular judicial leaning or attitude derived from his experience on the bench." *Id.* (citing *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); other citations omitted). There is another fundamental principal guiding this Court. "'[A] federal judge has a duty to sit where not disqualified which is equally as strong as the duty to not sit where disqualified.'" *Sensley v. Albritton*, 385 F.3d 591, 599 (5th Cir.

> require the judge to accept all allegations by a moving party as true. Indeed, the section requires no motion at all; the judge must disqualify himself if the facts cast doubt on his impartiality regardless of how or by whom they are drawn to his attention." *Id.* (citing *Fredonia Broadcasting Corp. v. RCA Corp.*, 569 F.2d 251, 254-57 (5th Cir. 1978)). "Section 144, by contrast, requires allegation by affidavit within a stringent time limit and allows a party only one such affidavit in any case. If a party could bind a judge by his factual allegations in a section 455 motion, free from the formal requirements and more demanding standard of proof of section 144, the result would be a virtual open season for recusal." *Id.* (citing Ernest Gellhorn & Glen O. Robinson, *Rulemaking "Due Process": An Inconclusive Dialogue*, 46 U. CHI. L. REV. 201, 250 (1981)). As the Seventh Circuit explained, "[u]nlike a motion to recuse under 28 U.S.C. § 455, which simply requires the reasonable appearance of bias, a motion to disqualify under § 144 requires a showing of *actual bias*. And only personal animus or malice on the part of the judge can establish actual bias." *Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 718 (7th Cir. 2004) (citing *Balistrieri*, 779 F.2d at 1201).

2004) (quoting *Laird v. Tatum*, 409 U.S. 824, 837 (1972)); *see also Hoffman v. Caterpillar, Inc.*, 368 F.3d 709, 717 (7th Cir. 2004) (explaining there is a countervailing principle that "[a] trial judge has as much obligation not to recuse himself when there is no occasion for him to do so [under § 144] as there is for him to do so when the converse prevails." (citing *United States v. Ming*, 466 F.2d 1000, 1004 (7th Cir. 1972)).

    A.    <u>Section 455</u>

Section 455(a) of Title 28 of the United States Code requires "[a]ny justice, judge or magistrate of the United States [to] disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Under this statute, if a reasonable person, cognizant of the relevant circumstances surrounding a judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality, then the judge should find that Section 455(a) requires his recusal. *See United States v. Anderson*, 160 F.3d 231, 233 (5th Cir.1998) (citing *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 38 F.3d 1404, 1408 (5th Cir. 1994)).

The alleged bias or prejudice must be personal and must stem from an extrajudicial source outside the proceeding at hand. *See Liteky v. United States*, 510 U.S. 540, 544-45 (1994) (citing *United States v. Grinnell*, 384 U.S. 563, 583 (1966)); *see also In re Hipp, Inc.*, 5 F.3d 109, 116 n.24 (5th Cir. 1993); *United States v. Merkt*,

794 F.2d 950, 960 (5th Cir. 1986) (citing *United States v. Reeves*, 782 F.2d 1323, 1325 (5th Cir. 1986)). As the United States Supreme Court has explained, "trial *rulings* have a judicial *expression* rather than a judicial *source*." *Liteky*, 510 U.S. at 545. Thus, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* at 555 (*Grinnell*, 384 U.S. at 583); *see also Hipp*, 5 F.3d at 116 (noting that adverse rulings against a party in the same or a prior judicial proceeding "do not render the judge biased"); *United States v. MMR Corp.*, 954 F.2d 1040, 1046 (5th Cir. 1992) (explaining that section 445 "applies only to personal, extrajudicial bias"). "In and of themselves (*i.e.*, apart from surrounding comments or accompanying opinion), they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . when no extrajudicial source is involved." *Liteky*, 510 U.S. at 555.

"'[O]ne seeking disqualification must do so at the earliest moment after knowledge of the facts demonstrating the basis for such disqualification.'" *United States v. Sanford*, 157 F.3d 987, 988 (5th Cir. 1998) (quoting *Travelers Ins. Co.*, 38 F.3d at 1410); *see also United States v. Devine*, 934 F.2d 1325, 1348 (5th Cir. 1991) ("The nature of the bias, however, must be personal and not judicial."). This recusal determination is committed to the discretion of the district judge, and the denial of

4

such a motion will only be reversed upon the showing of an abuse of such discretion. *See Garcia v. City of Laredo, Tex.*, 702 F.3d 788, 794-95 (5th Cir. 2012).

### B. Section 144

Section 144 provides that "[w]henever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C. § 144; *Netsphere, Inc. v. Baron*, 703 F.3d 296, 314 (5th Cir. 2012) (quoting *Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 (5th Cir. 2003)). The affidavit shall "state the facts and the reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time." 28 U.S.C. § 144. In each case, a party may file only one affidavit under Section 144. *Id.* The affidavit "shall be accompanied by a certificate of counsel of record stating that it is made in good faith." *Id.* "'[T]he alleged bias and prejudice to be disqualifying must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case.'" *MMR Corp.*, 954 F.2d at 1045 (citations omitted)); *see also In re Corrugated Container Antitrust Litig.*, 752

F.2d 137, 145 (5th Cir. 1985) (holding that the district judge properly declined to recuse himself when the movant had "neither alleged nor proved the slightest 'personal bias derived from an extrajudicial source,' allegations that are critical to a motion to recuse" (citation omitted)).

"When a motion is filed under Section 144, the district court 'must pass on the legal sufficiency of the affidavit' without passing on the truth of the matter asserted." *Netsphere, Inc.*, 703 F.3d at 315 (quoting *Davis v. Bd. of School Comm'rs of Mobile Cnty.*, 517 F.2d 1044, 1051 (5th Cir. 1975)). "A legally sufficient affidavit must: (1) state material facts with particularity; (2) state facts that, if true, would convince a reasonable person that a bias exists; and (3) state facts that show the bias is personal, as opposed to judicial, in nature." *Id.* (quoting *Patterson*, 335 F.3d at 483); *Phillips v. Joint Legislative Comm. on Performance & Expenditure Review of the State of Miss.*, 637 F.2d 1014, 1019 (5th Cir. 1981). "A judge should not accept conclusory allegations in determining whether the standard for recusal has been met and affidavits based on mere conclusions, opinions, or rumors are legally insufficient to require recusal." *McClelland v. Gronwaldt*, 942 F. Supp. 297, 300 (E.D. Tex. 1996) (citing *United States v. Balistrieri*, 779 F.2d 1191, 1199 (7th Cir. 1985) (cited with approval in *Merkt*, 794 F.2d at 961)); *see also United States v. Sykes*, 7 F.3d 1331, 1339 (7th Cir. 1993); *Kinnear-Weed Corp. v. Humble Oil & Refining Co.*, 441

F.2d 631, 634-35 (5th Cir. 1971) (explaining that speculation and suspicion are insufficient bases for disqualification). The factual allegations must fairly support the charge of bias or impartiality and must be specific-including definite times, places, persons, and circumstances. *See Balistrieri*, 779 F.2d at 1199 (citation omitted). The court must assume the truth of the factual assertions, but is not bound to accept the movant's conclusions as to the facts' significance. *Id.* at 1200; *Phillips*, 637 F.2d at 1019.

## II. SUFFICIENCY OF PLAINTIFF'S SECTION 144 AFFIDAVIT

Plaintiff's affidavit [Doc. # 178], Exh. 1, filed pursuant to Section 144, is insufficient to trigger the requirement of a different judge's review of this case and Plaintiff's motion. Plaintiff makes no allegation that the Court holds any personal, rather than judicial, bias or malice against him. Plaintiff points repeatedly to judicial rulings and not to any improper motive or opinion derived from an extrajudicial source. To the extent Plaintiff's arguments are based on Section 144, his Motion to Recuse is denied.[2]

## III. DISQUALIFICATION ANALYSIS UNDER SECTION 455

Plaintiff has not met his burden to show entitlement to recusal or

---

[2] The Court contests many of the comments attributed to it by Plaintiff. Nevertheless, because the Court may not address the merits of the assertions in the affidavit, the Court does not comment further in this regard.

7

disqualification of the undersigned under Section 455.

First, Plaintiff's Motion repeatedly complains about substantive or procedural rulings made by the Court. As noted above, Plaintiff points only to judicial rulings and orders of the Court, not to any improper motive or opinion derived from an extrajudicial source.

For instance, Plaintiff takes issue with the Court's decision to allow Defendant National ProSource, Inc. ("ProSource") to file its Third Motion for Summary Judgment. The Third Motion was the first one in which the Court reached the merits of ProSource's challenges to many of Plaintiff's claims. The Court denied ProSource's First Motion for Summary Judgment [Doc. # 14] without prejudice because it was premature; it had been filed before meaningful discovery had occurred. The Court also did not reach the merits of ProSource's Second Motion for Summary Judgment, contrary to Plaintiff's assertions. Again, the ruling was to enable the parties to complete additional discovery and to permit Plaintiff to obtain final expert reports. This ruling was strictly judicial in nature. Plaintiff has not shown that the Court evidenced any bias against him by permitting ProSource to file a third motion for summary judgment.

Plaintiff also challenges various comments the Court made concerning damages during a conference on November 5, 2012. The Court made the cited comments to notify Plaintiff, who proceeds *pro se*, about certain seminal legal doctrines and

burdens of proof as risks regarding his claims. *See* Nov. 5, 2012 Conf. Transcript [Doc. # 146], at 49-53. This Court must apply the law and rules established by Congress, the United States Supreme Court, the Fifth Circuit Court of Appeals, and other binding authority. Rather than expressing bias against Plaintiff, the Court was complimentary and sought to be informative.[3] The Court's expressions of concern about the lack of damages merely were an explanation to a *pro se* party about the law and likely outcome of his damages requests, in the hopes of him avoiding future expenses that he might later conclude were unnecessary. The Court made no rulings as to damages, expressing that it was "not sure" that Plaintiff could obtain damages if he succeed on his claims and that the Court was "not making a formal ruling." *See* Nov. 5, 2012 Conf. Transcript, at 48, 52.

In any event, a judge's rulings in the instant case or in related cases, tendency to rule any particular way, particular judicial leaning, or attitude derived from his experience on the bench is not grounds for recusal. *Phillips*, 637 F.2d at 1020 (citing *Grinnell Corp.*, 384 U.S. at 583; other citations omitted). These acts were judicial in

---

[3] Many of the comments highlighted by Plaintiff were in the context of the Court expressing respect and concern for the Plaintiff, not bias against him personally. The Court stated that, "I think, frankly, you are a very nice guy and you're working real hard on this and I respect your efforts . . .. If you win, you might get some of your costs or something . . . . I'm not making a formal ruling because we're not there yet, but I thought it would be kind of me and informative for me to tell you what the law is on these things so that you can think about it, okay?" Nov. 5, 2012 Conf. Transcript, at 51-52.

nature and do not support the relief Plaintiff seeks. *See Liteky*, 510 U.S. at 555; *MMR Corp.*, 954 F.2d at 1046.

Plaintiff next complains that the Court spoke to him off the record at the November 5, 2012 conference and "pressured" him to dismiss his case. First, all the *alleged* comments by the Court were made in the Court's judicial capacity and were not any expression of personal bias. They did not stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the Court learned from its participation in the case. Second, even if the Court had been critical or disapproving of Plaintiff, "[c]ritical or disapproving comments to counsel or the parties ordinarily do not support a claim of bias." *Thanedar v. Time Warner, Inc.*, 352 F. App'x 891, 902 (5th Cir. Nov. 3, 2009) (unpublished) (citing *Hollywood Fantasy Corp. v. Gabor*, 151 F.3d 203, 216 n.6 (5th Cir. 1998)). Third, any recommendation to a party to consider settlement is well within the judicial function. "[A] district court has inherent power to recognize, encourage, and when necessary enforce settlement agreements reached by the parties." *Bell v. Schexnayder*, 36 F.3d 447, 449 (5th Cir. 1994) (citations omitted). "Early settlement of cases is an extremely laudable goal, which federal judges have considerable power to encourage and facilitate and which is essential to controlling the overcrowded dockets of our courts." *Dawson v. United States*, 68 F.3d 886, 897 (5th Cir. 1995) (citing FED. R. CIV. P. 16). The Court merely discussed whether progress had been made concerning settlement discussions.

Finally, to the extent Plaintiff complains about the Court directing him to make a demand to ProSource, Plaintiff does not allege that the Court attempted to force him to demand or accept any specific sum. Plaintiff did not dismiss or settle his case and was not sanctioned for failing to do so. The Court did not issue any orders requiring the Plaintiff to settle or dismiss his case.[4]

In addition, Plaintiff asserts that communications between the Court and Plaintiff [Docs. # 163, # 167, # 170, # 171, # 172, # 173, # 174, and # 175] regarding the requirement that certain materials Plaintiff submitted in electronic form on a USB Flash Drive be filed in the court docket, and the Court's sealing of the materials, demonstrate the Court's bias against him. These allegations again challenge a judicial ruling made by the Court in the exercise of its case management authority and thus are

---

[4] For clarity in the record, the Court notes that it went off the record once during the conference to allow counsel for ProSource to contact her client to determine whether the company in fact ran criminal background checks on all applicants, a matter important to Plaintiff and of which the Court perceived ProSource's counsel to be uncertain. *See* Nov. 5, 2012 Conf. Transcript, at 59-60. The Court insisted that ProSource make its policies regarding criminal background checks clear, so Plaintiff, the Court, and all others could focus on the company's actual policies in this litigation. At the end of the conference, the Court also went off the record after addressing all discovery disputes. Although the Court recommended that the parties continue settlement discussions and directed Plaintiff to communicate the amount of damages he was seeking to ProSource, in neither instance did the Court try to force the parties into settlement or dismissal. *See id.* at 59-67.

inadequate to serve as a basis for any recusal.[5]

Plaintiff also objects to the Court's ruling in an Order dated March 4, 2013 [Doc. # 167]. Issuance of this Order was a judicial function in response to ProSource's request for a new docket control order. *See* Feb. 28, 2013 Letter [Doc.

---

[5] The Court nevertheless addresses Plaintiff's allegations for clarity of the record. In Doc. # 163, the Court ordered Plaintiff to file the materials he had submitted to the Court on a USB Flash Drive as part of his responses to ProSource's Third Motion for Summary Judgment. It appeared to the Court that Plaintiff sought to rely on these materials in opposition to ProSource's Third Motion for Summary Judgment. Because those materials had not been docketed, they had not been made a part of the record and there was no evidence they had been served on ProSource. Out of concern, and as a ministerial matter in order to enable Plaintiff and the Court to rely on these materials, the Court directed Plaintiff to file the materials [Doc. # 163]. Plaintiff failed to do so. The Court therefore ordered the materials to be filed, in accordance with this District's Administrative Procedures for Electronic Filing in Civil and Criminal Cases and as a courtesy to Plaintiff. (This action seems to be consistent with Plaintiff's position in his Motion to Recuse which indicates that he seeks Court consideration of these materials. *See* March 26, 2013 Email to the Court [Doc. # 175].) The docketing of these materials, the subject of the communications of which Plaintiff complains here, does not show bias against Plaintiff. Indeed, the Court's communications are at the heart of the judicial function.

Plaintiff also appears to complain about the Court's sealing the documents on the USB Flash Drive. Plaintiff apparently misunderstands the effect of sealing documents, and asserts that the Court sealed the materials in the USB Flash Drive [Doc. # 170] to prevent appellate review. The Fifth Circuit has the ability to review all sealed documents. The Court ordered that Plaintiff's submission be sealed [Doc. # 171] in an exercise of caution because it interpreted Plaintiff's final sentence in a communication dated March 25, 2013 [Doc. # 173] to implicitly make this request. The Court also was concerned that there might have been sensitive information in the materials. Plaintiff promptly objected to the sealing [Doc. # 175]. The Court now has reviewed the USB Flash Drive's contents and finds no reason that they should be sealed. The Court accordingly orders the materials on the USB Flash Drive [Doc. # 170] to be unsealed.

# 165].[6] This scheduling matter falls within the Court's discretion to control its docket.

Plaintiff further complains in his Motion to Recuse that letters filed by ProSource [Docs. # 88, # 188, # 138, and # 165] were *ex parte* communications between ProSource and the Court. This complaint is not an allegation that the Court harbored a personal bias against Plaintiff and thus is not a basis for recusal. Furthermore, Plaintiff is factually mistaken. As shown in the docket in this case, the entries are letters that ProSource *filed* in the docket and thus were, and are, available to Plaintiff.[7]

Plaintiff also complains about ProSource's "Sur-Sur-Reply and Objections to and Motion to Strike Plaintiff's Summary Judgment Evidence" [Doc. # 169]. These documents were not communications by the Court and are not evidence of any personal bias of the Court against Plaintiff. To the extent Plaintiff also cites (and complains of) other documents [Docs. # 172, # 173, # 174, and # 175] being docketed,

---

[6] The Court abated ProSource's request so that the parties had time to comply with the Court's February 26, 2013 Order [Doc. # 163] and to allow the Court to rule on ProSource's Third Motion for Summary Judgment before addressing any remaining issues in the case.

[7] The letters were filed in accordance with the Court's procedures regarding discovery disputes or in response to a court order. Plaintiff filed comparable letters. *See* Docs. # 36, # 40, # 49, and # 129. No *ex parte* communications occurred between ProSource and the Court.

13

they provide no basis for recusal. These latter materials were written by Plaintiff and sent to the Court.

Plaintiff additionally asserts that Lamar Douglas's affidavit and the video on the USB Flash Drive were sealed. These items were not sealed by the Court. Again, in any event, this action would have been a judicial act, not a basis for recusal.

Plaintiff complains that the Court has prevented him from obtaining additional discovery at this stage in the litigation. The Court's rulings on discovery matters are classic judicial functions and are not evidence of any judicial bias against Plaintiff. Plaintiff has had ample discovery in this case. The discovery period closed on August 22, 2012. *See* July 20, 2012 Memorandum and Order [Doc. # 64], at 11. Docket call was set for April 3, 2013, *see* March 1, 2013 Order [Doc. # 166], but was continued pending resolution of ProSource's Third Motion for Summary Judgment motion. *See* April 1, 2013 Order [Doc. # 180]; April 2, 2013 Order [Doc. # 182]. Moreover, there has not been a showing that additional discovery is warranted. *See* July 20, 2012 Memorandum and Order [Doc. # 64], at 10; January 31, 2013 Memorandum and Order [Doc. # 155], at 2-4.

Last, Plaintiff asserts that the Court was biased during its September 4, 2012 Hearing based on pages 4-12 of that transcript. The Court acted in a purely judicial function at that hearing, and the rulings made there form no basis for any recusal. The

transcript speaks for itself and contains no expression of any personal (or other) bias against Plaintiff.

In sum, Plaintiff has not shown any basis for recusal independent of judicial rulings of which he is dissatisfied. He has not demonstrated bias or impartiality by the Court. Plaintiff's motion for recusal, disqualification, and for review by a different judge is without merit.

### IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiff's Motion to Recuse [Doc. # 178] is **DENIED.** It is further

**ORDERED** that the Clerk must unseal the documents filed by the Court in Doc. # 170.

SIGNED at Houston, Texas, this **4th** day of **April, 2013.**

*[signature]*
Nancy F. Atlas
United States District Judge